**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-30065

(Summary Calendar)
_____

CHARLES P. WILEY,

                        Plaintiff-Appellant,

versus

GENERAL MOTORS CORPORATION, also known as
Chevrolet-Geo, also known as Chevrolet,

                        Defendant-Appellee.

_____

Appeal from the United States District Court
For the Middle District of Louisiana
(94-CV-48-B-M1)

_____

October 9, 1996

Before EMILIO M. GARZA, STEWART and Parker, Circuit Judges.

PER CURIAM:[*]

Charles P. Wiley was injured in an automobile accident. Wiley alleges that during the accident, his drivers-side seat belt came unbuckled, causing him more serious injury than he would have suffered had the seat belt operated properly. Some time after Wiley's accident, Wiley's aunt, Eunice White, the owner of the

_____

        [*]     Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

automobile, received a recall notice concerning the possibility of a defective seat belt. Eunice took the automobile to the dealership to have the belt examined. Pursuant to GM's recall plan, the mechanic at the dealership examined the seat belt, found nothing wrong with it, but replaced the latching mechanism as a precautionary measure. The mechanic then disposed of the old parts. Wiley then filed suit against GM in state court, alleging design and manufacturing defects and failure to warn concerning the seat belt mechanism. GM removed the case to federal court. Wiley and GM engaged in discovery, and GM moved for summary judgment.[2] Wiley failed to respond to GM's motion, and the district court granted GM's motion for summary judgment. Wiley then filed a motion to reconsider, which the district court properly construed as a motion to alter or amend the judgment.[3] After reviewing the motion, the district court declined to grant Wiley's motion. The district court found that Wiley had still failed to present sufficient competent summary judgment evidence to survive GM's

---

[2] GM's motion for summary judgment pointed to Wiley's failure to adduce any evidence on essential elements of each cause of action he was asserting. Further, GM presented the deposition of the mechanic that examined and replaced the seat belt in question. He stated that after careful examination, he could detect no defect in the seat belt mechanism. GM also presented the deposition of the officer who had investigated the accident. He stated that at the time of the accident Wiley did not inform him of a problem with the seat belt, and that if Wiley had, he would have noted it in the accident report.

[3] *See Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) (holding that district courts must treat motions for reconsideration filed within ten days of entry of summary judgment as FED. R. CIV. P. 59(e) motions to alter or amend judgment), *cert. denied*, 510 U.S. 859, 114 S. Ct. 171, 126 L. Ed. 2d 131 (1993).

motion for summary judgment. Wiley now appeals the district court's order granting summary judgment in favor of GM and denying Wiley's motion to alter or amend the judgment.

We review a district court's denial of a motion to alter or amend judgment for abuse of discretion. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 174-75 (5th Cir. 1990), *cert. denied*, 510 U.S. 859, 114 S. Ct. 171, 126 L. Ed. 2d 131 (1993). We review the district court's grant of summary judgment *de novo*, and draw all reasonable inferences in favor of the non-moving party. *S.E.C. v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Once the moving party has filed a properly supported motion for summary judgment, the non-moving party "may not rest upon the mere allegations of denials in its pleadings, but must instead set forth *specific facts* showing that there is a genuine issue for trial." *Recile*, 10 F.3d at 1097. In the absence of specific facts, we will not engage in speculation as to whether "the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).

The sum total of Wiley's competent summary judgment evidence

-3-

consisted of: (1) Wiley's deposition in which he states that he properly buckled the seat belt, and that it came unlatched during the accident, and (2) the testimony of a physician that his injuries were consistent *either* with an accident in which someone was not wearing his seat belt, or an accident in which a person's seat belt came unlatched during the accident.[4] After careful review of the record and relevant law, we hold that the district court did not err in granting summary judgment in favor of GM.[5]

Under Louisiana law, in order to prevail on a claim for manufacturing or design defect, or failure to warn, a plaintiff must present some evidence that the "characteristic of the product that renders it unreasonably dangerous" existed "at the time the product left the control of its manufacturer." LA. REV. STAT. ANN. § 9:2800.54(C). The claimant has the burden of proving that the defect existed at the time it left the manufacturer's control. *Id*. at § 9:2800.54(D). The automobile was two years old when the accident occurred. Wiley presented absolutely no evidence that the seat belt was defective and unreasonably dangerous when it left

---

[4] The physician admitted that he had no qualifications in the field of biomechanics, and was therefore unqualified to provide any evidence as to whether or not the seat belt failed.

[5] The fact that the seat belt latching mechanism had been recalled provides no evidence of defect in this case. According to deposition testimony, the recall was for the specific problems of the seat belt not engaging at all and its occasional failure to disengage. According to this deposition testimony, which was not rebutted by any evidence presented by Wiley, the problem that the recall sought to address was easily detectable by the user because "he would know instantly if the seat belt didn't latch." Wiley testified that he had no problem properly buckling the belt prior to the accident.

GM's control. Wiley's only testimony was that he buckled the seat belt and that the seat belt came unlatched during his accident. There are a myriad of explanations for this phenomenon that do not indicate that the product was defective when it left GM's control.[6] Without evidence that the seat belt was defective at the time it left GM's control, summary judgment is appropriate. *See Scott v. White Trucks*, 699 F.2d 714, 724-25 (5th Cir. 1983) (upholding judgment notwithstanding the verdict on claims of design defect, manufacturing defect, and failure to warn, on the grounds that plaintiff had failed to produce any evidence that product was defective when in left the hands of the defendant).

In addition, in order to recover for a manufacturing defect, Wiley must present some evidence that at the time the product left GM's control, it "deviated in a material way from the manufacturer's specification for performance standards for the product or from otherwise identical products manufactured by the same manufacturer." LA. REV. STAT. ANN. § 9:2800.55. Wiley has presented no evidence that the seat belt mechanism deviated in any way from either GM's specifications or performance standards.[7]

---

[6] The unlatching could have been caused by human error, or a defect that arose in the intervening two years, either from misuse or some other cause. In short, Wiley's testimony does not raise a reasonable inference that a defect existed at the time the product left the control of GM.

[7] Indeed, the deposition of the mechanic who performed the recall inspection states that there was nothing wrong with the condition of this particular seat belt. It simply did not exhibit any of the characteristics of the flawed seat belts that were recalled.

Without such proof, summary judgment is appropriate on this claim. *See Lawrence v. General Motors Corp.*, 73 F.3d 587, 589 (5th Cir. 1996) (applying same standard applicable in summary judgment cases and reversing jury verdict on the grounds that plaintiff had failed to present any evidence that product deviated from specifications or performance standards).

Further, to recover for a design defect, Wiley must present evidence that "[t]here existed an alternative design for the product that was capable of preventing the claimant's damage," and that "the likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden of the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product." LA. REV. STAT. ANN. § 9:2800.56. Wiley has presented no evidence that an alternative design existed for the seat belt which would have prevented his injury nor that such a design would be cost effective for GM to use in its products. Absent such evidence, summary judgment is appropriate on this claim. *See Lawrence*, 73 F.3d at 590 (applying same standard applicable in summary judgment cases and reversing jury verdict on the grounds that plaintiff had failed to present any evidence on the existence of an effective alternative design and its potential cost effectiveness).

In short, as to each cause of action Wiley asserts, he has

failed to present any evidence as to at least one element of the claim. In such a case, summary judgment is warranted. *See Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560, 565 (5th Cir. 1995) (holding that "to defeat a motion for summary judgment the nonmovant must present evidence sufficient to establish the existence of each element of his claim as to which he will have the burden of proof at trial").[8]

For the foregoing reasons, we AFFIRM the district court's order granting summary judgment in favor of GM and denying Wiley's motion to alter or amend the judgment.

---

[8] We also find that the district court did not abuse its discretion in denying Wiley's motion to alter or amend the judgment. *See Lavespere*, 910 F.2d at 173 (setting forth the considerations under which a district court should consider a motion to alter or amend judgment).